Filed 5/17/24  P. v. Garcia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ALEJANDRO HERNANDEZ GARCIA,<br><br>  Defendant and Appellant. | G062815<br><br>(Super. Ct. No. 17HF1025)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Reversed and remanded with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

Alejandro Hernandez Garcia appeals from a judgment following a sentencing hearing. He and the Attorney General agree that three issues justify a reversal and remand for further proceedings. We agree. The matter is reversed and remanded with directions.

## FACTS

The details of Garcia's underlying convictions for two separate rapes were discussed in our earlier opinion. (*People v. Garcia* (Feb. 9, 2023, G060566) [nonpub. opn.].) Garcia was convicted on six counts for his first victim and two counts for his second victim.[1] The trial court imposed consecutive terms that totaled 156 years to life—comprised of a six-year determinate sentence and 150-years-to-life indeterminate sentence—as well as multiple fines and fees that included a $5,000 restitution fine, a fine to fund victim-witness assistance, and fines related to funding for AIDS education. A July 2021 abstract of judgment reflected 1,651 days of custody credit.

In Garcia's direct appeal from the judgment, *People v. Garcia, supra*, G060566, we affirmed the convictions but reversed and remanded for resentencing on one aspect of the sentence imposed (which is not material here). We also ordered stricken the fines related to the victim-witness assistance and education funding noted above. (*Ibid.*)

On remand, in June 2023, the trial court resentenced appellant to a total prison term of 154 years (based on a reduction of the determinate term). As Garcia correctly states, the court reinstated all previous fines and fees except for the three

---

[1] The convictions for the first victim were forcible rape (Pen. Code, § 261, subd. (a)(2)) (all further statutory references are to the Penal Code), two counts of forcible sexual penetration by a foreign object (§ 289, subd. (a)(1)(A)), two counts of forcible oral copulation (§ 288a, subd. (c)(2)(A)), and forcible sodomy (§ 286, subd. (c)(2)(A)). For the second victim, Garcia was convicted of rape of an intoxicated person (§ 261, subd. (a)(3)), and assault with the intent to commit a sexual offense (§ 220, subd. (a)(1)).

unauthorized fines that we had ordered stricken. On Garcia's restitution fine, the trial court denied his request to reassess the $5,000 amount originally imposed. The denial was based on a premise that our remand order precluded the court from exercising its discretion on the amount. After the resentencing, an amended abstract of judgment was issued only for the determinate sentence imposed.

## DISCUSSION

On appeal, Garcia seeks relief for the following three issues that the Attorney General does not dispute: (1) "[t]he trial court erred in [ruling] it had no authority to reconsider the amount of the restitution fine as part of the resentencing hearing"; (2) the abstract of judgment for the court's indeterminate sentence still incorrectly reflects imposition of three fines we ordered stricken in *People v. Garcia, supra*, G060566; and (3) the amended abstract does not properly reflect additional custody credits for the time between the 2021 and 2023 judgments.

We agree with the parties that each issue justifies appellate relief. First, a trial court has discretion to reconsider a restitution fine amount, for the purposes of possibly lowering it, as part of resentencing. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258-1259 [trial court jurisdiction for resentencing on remand covers "'entire sentencing scheme'"]; *People v. Hanson* (2000) 23 Cal.4th 355, 361-365, 367 [restitution fine constitutes punishment that cannot be increased following successful appeal].) Because our remand order did not specify restitution instructions, the trial court was mistaken when it ruled that we precluded it from reconsidering a lower amount. (*People v. Hanson, supra*, 23 Cal.4th at pp. 361-365, 367.) The second and third issues are governed under the rule that a record which does not accurately reflect the trial court's oral pronouncement of judgment is incorrect and can be corrected on appeal even if raised on appeal for the first time. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3, 1369.)

3

We direct the trial court to correct the abstracts of judgment for Garcia's determinate and indeterminate prison commitment so that: (1) they do not reflect originally imposed fines which we ordered stricken,[2] in the amounts of $1,500 (§ 667.6, sub. (f)), $70 (§ 264, sub. (b)), and $70 (§ 286, sub. (m)); and (2) they reflect a correct calculation of applicable custody credits. Given the errors in the preparation of the abstracts of judgment, we request the trial court personally ensure new abstracts are amended to accurately reflect the court's judgment.

## DISPOSITION

The matter is remanded for resentencing to allow the trial court to exercise its discretion under all relevant sentencing statutes. Upon resentencing Garcia, the trial court is directed to prepare amended abstracts of judgment to accurately reflect the court's judgment. The trial court is further directed to forward certified copies of the amended abstracts of judgment to the Department of Corrections and Rehabilitation.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

MOTOIKE, J.

---

[2] Neither party provides an accurate citation showing where on an abstract of judgment the fines at issue are reflected. Based on the record presented, we discern the two $70 fines noted in the trial court's July 6, 2021, oral pronouncement of judgment and the $1,500 fine noted in the oral pronouncement as well as the 12th paragraph of the July 19, 2021, abstract of judgment for Garcia's indeterminate sentence.

4